UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

D. JAMES COON,

                          Plaintiff,

        v.                                  1:13-CV-1306

CATHERINE A. BURKLY,
TOWN OF WHITECREEK, Assessor,
Tax Collector, Justice Court Clerk,
MARVIN DAY,
AMBER MARRIOTT,
VALERIE REAGAN, Town of Cambridge
Mayor,
WASHINGTON COUNTY REAL PROPERTY
TAX SERVICES,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

      This *pro se* action was referred to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

      No objections to the April 21, 2014 Report-Recommendation have been raised. After examining the record, this Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice. Accordingly, this Court adopts the Report-Recommendation for the reasons stated therein.

      After finding that the plaintiff should be permitted to proceed *in forma pauperis*, the Report-Recommendation recommended that the Court dismiss Plaintiff's Amended

Complaint with prejudice as to the plaintiff's claims that Defendants violated his rights under the Health Insurance Portability and Privacy Act ("HIPPA"), 42 U.S.C. § 1320, *et seq.*, and the Americans with Disabilities Act ("ADA"). Magistrate Judge Dancks also recommended that the Court dismiss Plaintiff's Fourteenth Amendment due process claims against the Town of Whitecreek and its tax assessor and tax collector, brought pursuant to 42 U.S.C. § 1983, with prejudice. While she found that Plaintiff had also failed to state a claim with respect to Plaintiff's allegations that Defendants violated his privacy in violation of the Fourteenth Amendment, the Magistrate Judge recommend that Plaintiff be granted leave to amend his Complaint with respect to these allegations. Plaintiff was permitted to allege facts plausibly showing that Defendants acted under color of state law. Magistrate Judge Dancks also recommended that the Court refuse to exercise its supplemental jurisdiction to hear Plaintiff's state-law claims. Such claims should be re-filed in state court or reconsidered should Plaintiff file an amended complaint that stated a federal claim.

Rather than objecting to the Magistrate Judge's findings, Plaintiff filed a Second Amended Complaint, naming several new Defendants.[1] See dkt. # 9. Plaintiff is proceeding *in forma pauperis*. See dkt. # 2. In the interest of efficiency, this Court will review the Plaintiff's Amended pleading to determine whether Plaintiff properly pled state action on his claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (granting the Court permission to dismiss an *in forma pauperis* complaint if the Court finds the action "(i) frivolous or malicious; (ii) fails to state to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); Livingston v. Adirondack Bev. Co., 141 F.3d

---

[1]The Defendants named are Washington County Treasurer, Washington County Tax Office, Glens Falls Hospital, Granville Family Health Center, and W. Marvin Day.

434, 437 (2d Cir. 1998) (courts may dismiss such claims "when either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'") (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990)).

The Second Amended Complaint must be dismissed with prejudice with respect to all of Plaintiff's federal claims. None of the claims raised in that action can be sustained and amendment would be futile. First, The allegations in Count Three of the Second Amended Complaint do not sufficiently allege that Defendant Day acted under color of state law. The Complaint alleges that Glens Falls Hospital, Granville Family Health, and Marvin Day breached Plaintiff's right to privacy, allegations made against Day and other defendants in the First Amended Complaint. Even though Plaintiff alleges that these medical providers received federal money, such claims do not sufficiently contend that Defendants acted under color of law. For the reasons stated by the Magistrate Judge in her April 21, 2014 opinion, the Court finds that Plaintiff fails to state a Fourteenth Amendment Claim with these allegations. Similarly, Count One of Plaintiff's Second Amended Complaint alleges that he was injured by Defendants' property tax assessment. The Court adopts the reasoning of the Magistrate Judge in determining that such disputes over assessments must be dismissed with prejudice.

Finally, the Court reads Count Two of the Second Amended Complaint to allege that although Defendant Glens Falls Hospital has always provided him with medical treatment, including life-saving care three times in recent years, he has received a letter that the hospital will no longer accept him for care. Plaintiff alleges that a hospital that receives federal funds must provide any treatment to any person with health insurance. The

Emergency Medical Treatment and Active Labor Act does require hospitals to insure "the availability of emergency health care services to the poor and uninsured." Brecord v. Catholic Med. Ctr. of Brooklyn & Queens, Inc., 133 F.Supp.2d 179, 184 (E.D.N.Y. 2001); see 42 U.S.C. § 1395dd. Federal law mandating the provision of such services was a response "to 'a growing concern that hospitals were 'dumping' patients unable to pay, by either refusing medical treatment or transferring patients before their emergency conditions were stabilized.'" Id. (quoting Brooks v. Maryland General Hospital, Inc., 996 F.2d 708, 710 (4th Cir. 1992)). The Act permits "[a]ny individual who suffers person harm as a direct result of a participating hospital's violation of a requirement" of the statute to bring a civil action "against the participating hospital [and] obtain those damages available for person injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate." 42 U.S.C. § 1395dd(d)(2) (A).

  Plaintiff alleges that he received treatment from the hospital and was actually cured, and thus could not prevail on any claim under this statute for injuries as result of being denied treatment. Any claim that he may in the future be denied service and suffer injury is purely speculative and cannot be a basis for a claim, since Plaintiff would actually have to need emergency services and face denial of those services to bring a claim under the statute. See, e.g., Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976) (to have Article III standing, a Plaintiff must have "shown an injury to himself that is likely to be addressed by a favorable decision"); Green Island Power Auth. v. FERC, 577 F.3d 148, 161 (2d Cir. 2009) (party's injury must demonstrate that "it actually will suffer a concrete injury" and such claims are not established if injury "is purely speculative"). Plaintiff cannot claim any actual injury until he actually needs emergency treatment and faces being denied, and

he can obtain neither damages nor injunctive relief from this Court under these circumstances. See Baur v. Veneman, 352 F.3d 625, 632 (2d Cir. 2003) ("[T]o support standing, the plaintiff's injury must be actual or imminent to ensure that the court avoids deciding a purely hypothetical case in which the projected harm may ultimately fail to occur.").

The Court will therefore adopt the Report-Recommendation. In addition, after reviewing the Second Amended Complaint, the Court determines that the claims raised therein are indisputably meritless. The Second Amended Complaint will therefore be dismissed. As such:

1. All federal claims in the Plaintiff's Second Amended Complaint are hereby DISMISSED with prejudice; and

2. To the extent that the plaintiff presents any state-law claims, those claims are dismissed without prejudice to Plaintiff seeking relief in the appropriate state court.

IT IS SO ORDERED

Dated: May 15, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge